**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES GIDRON,

Petitioner, Case Number: 2:09-CV-10493

v. HONORABLE LAWRENCE P. ZATKOFF

BARRY DAVIS,

Respondent.
_______________________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S "MOTION TO STAY HABEAS CORPUS PETITION . . ." AND ADMINISTRATIVELY CLOSE CASE**

Petitioner James Gidron filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of assault with intent to murder, second-degree murder, discharging a firearm at a building, felonious assault, and four counts of felony firearm. Now before the Court is Petitioner's Motion to Stay Habeas Corpus Petition and Administratively Close Case Or In the Alternative Allow Petitioner to Expand the Record. For the reasons stated, the Court will grant the motion and administratively close the matter.

**I.**

Petitioner pleaded no contest in Saginaw County Circuit Court as set forth above. He was sentenced to 25 to 50 years in prison for each assault conviction, 23 to 50 years in prison for the second-degree murder conviction, two to four years in prison for the discharging a firearm at a building conviction, two to four years in prison for the felonious assault conviction, and two years for each of the felony-firearm convictions.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising

the following claim:

I. The trial court erred by denying defendant's motion to withdraw plea.

The Michigan Court of Appeals denied leave to appeal. *People v. Gidron*,, No. 277205 (Mich. Ct. App. May 9, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Gidron*, 480 Mich. 891 (Mich. Sept. 24, 2007).

Petitioner filed a motion for relief from judgment in the trial court, raising these claims:

I. By ill-advising Defendant, trial counsel did so induce an involuntary plea acceptance, thereby rendering ineffective assistance of counsel.

II. The trial court abused its discretion when it twice denied Defendant's request for substitution of counsel.

III. Defendant satisfies cause and prejudice as set forth in M.C.R. 6.508(D) for each of the above arguments by proving constitutionally ineffective assistance on the parts of trial and appellate counsel, violating his Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment right to due process.

The trial court denied the motion. *People v. Gidron*, No. 05-026076 (Saginaw County Cir. Ct. Feb. 25, 2008). Petitioner filed applications for leave to appeal the trial court's denial in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Gidron*, No. 284542 (Mich. Ct. App. July 29, 2008); *People v. Gidron*, 482 Mich. 1069 (Mich. 2008).

Petitioner then filed a habeas corpus petition. He raises the same claims raised on direct and collateral review. Now before the Court is Petitioner's Motion to Hold Habeas Petition in Abeyance.

**II.**

Petitioner has filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise additional claims which have not been exhausted with the state courts. He claims that newly discovered evidence shows that his attorney was ineffective in providing him incorrect information upon which he relied in deciding to plead no contest and that his plea, consequently, was not knowingly or voluntarily entered. Further, he claims that his appellate attorney was ineffective in failing to discover the newly discovered evidence.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, while all of the claims presented in his habeas corpus petition have been exhausted, he would like the petition stayed while he returns to state court to exhaust five additional claims in state court. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th

Cir. 2002). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered. He claims to have decided to enter a plea because his attorney advised him that his co-defendant had entered a plea deal pursuant to which the co-defendant would testify against Petitioner. Petitioner states that he did not learn until March 2011 that this information was incorrect. Additionally, Petitioner argues that his appellate attorney was ineffective in failing to discover that the predicate for his plea was incorrect.

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. *See Bates v. Knab*, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), citing *Hnatiuk v. Trombley*, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008). A number of federal courts have concluded that the *Rhines* good cause requirement in this context is less stringent than that required for a showing of procedural default. *See Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, 2006 WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances").

Petitioner states that his unexhausted claims were not presented in state court because he did not discover the factual basis for these claims until after filing his habeas corpus petition. Courts have found the "good cause" standard satisfied where unexhausted claims are based on recently

discovered evidence. *See Midgett v. Curtin*, 2010 WL 457459, *1 (E.D. Mich. Feb. 8, 2010) (holding petitioner's contention that unexhausted claims were not presented in state court because they were newly discovered sufficient to satisfy *Rhines* "good cause" requirement); *Reed v. Wolfenbarger*, 2009 WL 3059135, *3 (E.D. Mich. Sept. 21, 2009) (same); *Henderson v. Bell*, 2009 WL 1923527, *1 (E.D. Mich. July 9, 2009) (same) ; *Leonardos v. Buddress*, 2007 WL 1174825, * 3 (N.D. Cal. Apr.19, 2007) (granting stay and finding "good cause" under *Rhines*, in part, because petitioner's unexhausted claims were based on recently discovered evidence and "newly discovered evidence weighs in favor of finding good cause"); *Lugo v. Kirkland*, 2006 WL 449130, *4 (N.D. Cal. Feb.22, 2006) (granting stay of petition under Rhines, in part where petitioner demonstrated "good cause" by showing that new claims were discovered after state appeal process concluded and petitioner had filed federal petition). Additionally, Petitioner states that the unexhausted claims were not previously presented in state court because his appellate and trial attorneys were ineffective. "The alleged ineffectiveness of appellate counsel constitutes 'good cause' to justify holding a habeas petition in abeyance during the petitioner's return to state court." *Fox v. Curley*, 2010 WL 538299, *3 (E.D. Mich. Feb. 10, 2010). The Court finds that Petitioner has asserted good cause for failing previously to present these claims.

The Court also must determine whether Petitioner's claims that he seeks to exhaust are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "potentially meritorious." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. *See Anthony v. Palmer*, 2011 WL 1532162, *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims);

*Wengorovius v. Scutt*, 2009 WL 2849577, *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); *Wright v. Trombley*, 2007 WL 4181316, *3 (E.D. Mich. Nov. 27, 2007) (same). *See also Woodson v. Smith*, 2010 WL 3781579, *4 (N.D. Ohio Sept. 23, 2010) (holding, without further discussion, that petitioner's "claims are potentially meritorious in that none of his claims are plainly without merit"); *Cueto v. McNeil*, 2010 WL 1258065, *16 (S.D. Fla. March 12, 2010) (collecting cases). In *Bartelli v. Wynder*, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005), the District Court for the Eastern District of Pennsylvania held that a petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts.

A habeas petitioner may attack a guilty plea on the ground that his plea was rendered involuntary or unintelligent as a result of ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To obtain relief on a claim of deficient advice in connection with a plea offer, the petitioner must show that if he had received accurate information, he would not have accepted the plea. *Id.* Petitioner states that, had counsel not misadvised him, he would have elected to proceed to trial. This claim, if supported by sufficient evidence, is not plainly meritless.

Finally, given that Petitioner claims to have discovered this evidence in March 2011, and filed a motion for stay within a few weeks of discovering the evidence, he does not appear to be engaging in intentionally dilatory litigation tactics. Therefore, the Court stays further proceedings in this matter pending exhaustion of the unexhausted claims.

The Court notes that Michigan Court Rule 6.502(G)(1) generally permits a defendant to file

only one motion for relief from judgment. Petitioner already has filed a motion for relief from judgment. However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the defendant asserts a claim of newly discovered evidence. Therefore, it appears that an avenue for exhaustion remains available to Petitioner in state court.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

**III.**

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Stay Habeas Corpus Petition and Administratively Close Case Or in the Alternative Allow Petitioner to Expand the Record [dkt. # 10] is **GRANTED IN PART AND DENIED IN PART**. The request to stay these proceedings is **GRANTED** and the request to expand the record is **DENIED WITHOUT PREJUDICE** to Petitioner's right to seek such relief if and when he seeks leave to reopen this proceeding. Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this Order and a motion to lift the stay and amended petition in this Court within sixty days after the

conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290