**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES GIDRON,

      Petitioner,                              Civil No. 2:09-CV-10493
                                                HONORABLE LAWRENCE P. ZATKOFF
v.                                               UNITED STATES DISTRICT JUDGE

BARRY DAVIS,

      Respondent,
_____/

**OPINION AND ORDER GRANTING MOTION TO LIFT STAY AND REINSTATE THE
HABEAS PETITION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT
OF HABEAS CORPUS, AND ORDER DIRECTING RESPONDENT TO FILE AN
ANSWER AND THE RULE 5 MATERIALS IN THIS CASE.**

      On August 11, 2011, this Court entered an opinion and order holding the petition for writ of

habeas corpus in abeyance pending the completion of state post-conviction proceedings by

petitioner. The Court also administratively closed the case. Petitioner has now filed a motion to lift

the stay, to reinstate the case, and to amend the habeas petition. For the reasons stated below, the

motion to lift the stay and to reinstate the habeas petition is **GRANTED**. The Court will also permit

petitioner to proceed with the amended habeas petition he recently filed with the Court.

      Federal courts have the power to order that a habeas petition be reinstated upon timely

request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez

v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that his

claims have been exhausted with the state courts, his petition is now ripe for consideration.

Accordingly, the Court will order that the original habeas petition be reopened.

      The Court will also permit petitioner to proceed with the amended habeas petition he recently

filed with the Court. The decision to alow or deny an amended habeas petition is within the

1

discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15.  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).  The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed his amended petition before the Court has adjudicated the issues in his petition, the amended petition should be permitted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court notes that respondent filed a response to the original petition on August 19, 2009. Therefore, the Court Orders the respondent to file a new or amended response to the amended habeas petition within one hundred and eighty days of the date of this Opinion and Order, if it so desires.  If, however, the respondent deems an amended or new response unnecessary, the Court orders the respondent to advise the Court as such within 60 days of this Opinion and Order.  This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court also notes that respondent filed Rule 5 materials with the Court on August 19, 2009; however, to the extent there are any additional Rule 5 materials to be submitted to the Court, the Court orders respondent to provide this Court with such additional Rule 5 materials at the time that it files its answer.  The habeas corpus rules require respondents to attach the relevant portions

of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give petitioner forty-five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses.  Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

### ORDER

Based on the foregoing, the motion to lift the stay and to reinstate the case [Dkt. # 18] is **GRANTED.**

**IT IS FURTHER ORDERED** that the amended petition for habeas corpus recently filed by petitioner is accepted and this case shall proceed based on petitioner's amended petition for habeas corpus.

**IT IS FURTHER ORDERED** that if respondent desires to file an amended response to petitioner's amended petition for habeas corpus, it shall file such answer and produce any state court record not previously produced within **one hundred and eighty (180) days** of this Order or show cause why it is unable to comply with the order.

**IT IS FURTHER ORDERED** that if respondent does not desire to file an amended response, it shall so advise the Court and produce any state court record not previously produced within **sixty (60) days** of this Order or show cause why it is unable to comply with the order.

3

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from the date that he receives the respondent's response to file a reply brief.

 S/Lawrence P. Zatkoff
**HON. LAWRENCE P. ZATKOFF**
**UNITED  STATES  DISTRICT  COURT**

**DATED:** June 11, 2014

4