UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GIDRON,

        Petitioner,                        Case Number: 4:09-10493
                                                         Honorable Linda V. Parker
v.

SHANE PLACE,

        Respondent.
_____/

# OPINION AND ORDER
# DENYING PETITION FOR WRIT OF HABEAS CORPUS
# AND DENYING CERTIFICATE OF APPEALABILITY

James Gidron is presently in the custody of the Michigan Department of Corrections, pursuant to convictions for one count of second-degree murder, two counts of assault with intent to commit murder, discharging a firearm at a building, felonious assault, and four counts of felony firearm. In a currently pending petition for the writ of habeas corpus, he challenges those convictions on the following grounds: (1) the voluntariness of his no contest plea; (2) ineffective assistance of counsel; (3) trial court error in denying his motion to withdraw his plea and motion for substitution of counsel; and (4) state court error in its application of Michigan Court Rule 6.508(D). Finding that none of Petitioner's claims satisfy the strict standards for habeas corpus relief, the Court is denying his petition.

## I. Background

Petitioner was charged in Saginaw County Circuit Court with first-degree murder, conspiracy to commit murder, felonious assault, discharging a firearm at a building, two counts of assault with intent to murder, and four counts of felony-firearm. He was charged also as a fourth habitual offender. On March 16, 2006, he pleaded no contest to two counts of assault with intent to murder, second-degree murder, discharging a firearm at a building, felonious assault, and four counts of felony firearm. In exchange for his plea, the prosecutor dismissed the conspiracy to commit murder and first-degree murder charges. The prosecutor also agreed to recommend that Petitioner's minimum sentence not exceed 25 years. (ECF No. 7-5 at Pg. ID 124.)

On the date of sentencing, April 20, 2006, Petitioner moved to withdraw his plea on the ground that his attorney incorrectly informed him that his codefendant, DeShawn Mathis, would testify against him if the case proceeded to trial. (ECF No. 7-7 at Pg. ID 139-140.) The trial court denied the motion and sentenced Petitioner to terms of incarceration of 25 to 50 years for each assault conviction, 23 to 50 years for the second-degree murder conviction, two to four years for the discharging a firearm at a building conviction, two to four years for the felonious assault conviction, and two years for each of the felony-firearm convictions. (*Id.* at 142, 148-152.)

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals arguing that the trial court erred in denying his motion to withdraw his plea. The Michigan Court of Appeals denied leave to appeal. *People v. Gidron*, No. 277205 (Mich. Ct. App. May 9, 2007). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim he asserted in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Gidron,* 480 Mich. 891 (Mich. Sept. 24, 2007).

Petitioner filed a motion for relief from judgment in the trial court, raising these claims: (i) trial counsel's incorrect statements regarding codefendant Mathis's intention to testify induced his plea, rendering it involuntary; (ii) the trial court abused its discretion when it twice denied Petitioner's request for substitution of counsel; and (iii) appellate counsel's ineffectiveness establishes cause and prejudice under Michigan Court Rule 6.508(D). The trial court denied the motion. *People v. Gidron*, No. 05-026076 (Saginaw Cty. Cir. Ct. Feb. 25, 2008); (ECF No. 7-10.) Petitioner filed applications for leave to appeal the trial court's denial in the Michigan Court of Appeals and Michigan Supreme Court. Both courts denied leave to appeal. *People v. Gidron*, No. 284542 (Mich. Ct. App. July 29, 2008); *People v. Gidron*, 482 Mich. 1069 (Mich. 2008).

On February 10, 2009, Petitioner filed his federal habeas corpus petition. Petitioner then filed a motion to stay in order to return to state court to raise a new

3

issue. Petitioner claimed to have newly discovered evidence establishing that his trial attorney provided him incorrect information about his codefendant's willingness to testify against him. In an opinion and order entered August 11, 2011 ("Stay Order"), the Court granted the stay and imposed certain conditions under which Petitioner was required to proceed. (ECF No. 12.)

Petitioner filed a second motion for relief from judgment in state court, arguing that an April 4, 2011 affidavit of codefendant Mathis established that Mathis would not have testified against Petitioner. The trial court held that the affidavit did not qualify as "new evidence" under Michigan Court Rule 6.502(G)(2) and, therefore, Petitioner could not file a successive motion for relief form judgment. (*See* ECF No. 20 at Pg. ID 438-441.) The trial court also held that even if the affidavit qualified as new evidence under Rule 6.502(G)(2), Petitioner was not entitled to relief because the claim was already raised and denied on direct review in the Michigan Supreme Court and in Petitioner's first motion for relief from judgment. (*Id.*) The Michigan Court of Appeals denied Petitioner's application for leave to appeal because, under Mich. Ct. R. 6.502(G)(1), a party may not appeal from the denial of a successive motion for relief from judgment. *People v. Gidron,* No. 311458 (Mich. Ct. App. Oct. 23, 2012); (ECF No. 20 at Pg. ID 442.) The Michigan Supreme Court denied leave to appeal for the same reason. *People v. Gidron*, 494 Mich. 885 (Mich. 2013).

4

Petitioner then returned to this Court and moved to reopen the habeas proceeding. The Court directed Petitioner to file an amended petition, which Petitioner filed on May 19, 2014. The amended petition raises the additional claim that Petitioner should be permitted to withdraw his plea because newly discovered evidence shows that it was based upon incorrect statements by defense counsel and therefore involuntary. Respondent filed a supplemental answer addressing Petitioner's additional claim.

## II. Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the

5

Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Although § 2254(d) does not completely bar federal courts from re-litigating claims that have previously been

6

rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

### A. Compliance with Terms of Stay and Affect of Amended Petition

Respondent argues that Petitioner failed to comply with the terms of the Court's Stay Order. The Stay Order required Petitioner to file a motion for relief from judgment in the trial court within sixty days of the order and to move to lift the stay within sixty days after the conclusion of state court proceedings. Respondent contends that Petitioner violated both ends of the stay order by waiting seven months to file his motion for relief from judgment and failing to promptly

7

return to this Court to reopen the habeas proceeding. In the interest of judicial economy, a federal court may proceed to the merits of a habeas petition without first resolving a question of timeliness. *See Smith v. State of Ohio Dep't of Rehab.*, 463 F.3d 426, 429, n. 2 (6th Cir. 2006) (*quoting Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006)). Where, as here, the Court finds that Petitioner's claims fail on the merits, it elects to proceed on the merits without deciding whether the issues raised in the petition are timely or whether Petitioner substantially complied with the Stay Order. *See Ahart v. Bradshaw*, 122 F. App'x 188, 192 (6th Cir. 2005).

Respondent also argues that the amended petition, raising a single claim for relief, supersedes the original petition, which raised four claims for relief. While an amended petition normally "supersedes an earlier" petition "for all purposes," *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quotation omitted), the Court holds a *pro se* pleading to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, there is no indication that Petitioner intended to abandon the claims raised in his original petition. The plain language in his motion to stay and in the original and amended petition, considered together, show that Petitioner intended his amended petition to supplement rather than supersede his original petition. The Court will address the claims raised in both petitions.

## B. Ineffective Assistance of Counsel and Voluntariness of Plea

Petitioner seeks habeas corpus relief on the ground that his plea was involuntary and his attorney was ineffective in that he falsely told Petitioner that Mathis agreed to testify against Petitioner at trial and Petitioner relied on his attorney's misrepresentation when deciding to enter into a plea. Petitioner further argues that the trial court erred in denying his motion to withdraw his plea on this basis. Respondent argues that portions of Petitioner's ineffective assistance of counsel claim and his substitution of counsel claim (discussed *infra*) are procedurally defaulted.

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds the interests of judicial economy best served by addressing the merits of Petitioner's claims.

A prisoner may challenge the entry of a guilty plea on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Challenges to guilty pleas based

9

on a claim of ineffective assistance of counsel are evaluated under the two part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). The prisoner must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Id.* at 59. The petitioner must then show that he was prejudiced by counsel's error. *Id.* The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner states that he was induced to plead guilty because his attorney incorrectly advised him that Mathis agreed to testify against him if he proceeded to trial. In support of this claim, Petitioner submits Mathis's affidavit, in which Mathis states that he never intended to testify against Petitioner and did not enter into an agreement with defense counsel or the prosecutor to do so. (*See* 4/11/11 Mathis Aff., ECF No. 20.) The state courts rejected Petitioner's ineffective assistance of counsel and involuntary plea claims on direct and collateral review.

Prior to sentencing, Petitioner sought to withdraw his plea on the ground that he entered his plea in reliance on defense counsel's representation that Mathis would testify against him. Defense counsel informed the trial court that at the time

10

Petitioner entered his plea, he was aware that Mathis entered a no contest plea which did not require him to testify against Petitioner, but that Mathis nevertheless could be subpoenaed to testify. (*See* 4/20/06 Tr. at 5-6, ECF No. 7-7 at Pg. ID 139-140.) The trial court denied the motion.

On direct appeal, the Michigan Court of Appeals found no merit in Petitioner's claim that the trial court erred in denying Petitioner's motion to withdraw his plea on the basis of ineffective assistance of counsel. *People v. Gidron*, No. 277205 (Mich. Ct. App. May 9, 2007). Petitioner again raised this claim in two motions for relief from judgment, both of which were denied.

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, "the state generally satisfies its burden [of showing the plea was voluntary and intelligent] by producing a transcript of the state proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). "The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness." *Id*. (citation omitted). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to show the voluntariness of the plea. *Id*. at 326-27. A satisfactory state court transcript containing findings, after a proper colloquy, places on the petitioner a "heavy burden" to overturn the state findings. *Id*. at 328; (citing *Parke v. Raley*, 506 U.S. 20; *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.

1989)). As the Sixth Circuit reasoned in *Ramos v. Rogers*, 170 F.3d 560 (6th Cir. 1999):

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we could be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do … Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.

*Id*. at 566. (internal quotation marks and citation omitted).

Nothing in the record convinces the Court that the state court decisions denying Petitioner's claims were contrary to or an unreasonable application of Supreme Court precedent. Petitioner was aware that his codefendant entered into a plea agreement. He was asked during the plea colloquy if any promises had been made to him aside from those set forth in the plea agreement and he denied that any promises, inducements, or threats had been made. Further, there is no evidence that trial counsel ever told Petitioner that Mathis was mandated to testify against Petitioner at trial as part of Mathis' plea agreement. What the letter from counsel says (which Petitioner submitted in the trial court in support of his claim) was that if Petitioner went to trial, he faced: (1) first degree murder charges and (2) testimony from his co-defendant.

The question raised by this evidence is whether counsel's advice was within the range of reasonable competence. *See Ramos*, 170 F.3d at 564 (explaining that a plea resulting from alleged ineffective assistance of counsel is analyzed pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). This Court must analyze that question under the deference afforded state trial courts on habeas review (e.g., the question is "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard"). *Harrington v. Richter*, 562 U.S. 86, 105 (2011). While Mathis did not agree to testify against Petitioner, it was reasonable for Petitioner's counsel to assume the state would subpoena Mathis to testify.

Mathis states in his affidavit that he never intended to testify against Petitioner. However, he may not have had a choice. Therefore, the affidavit does not establish that counsel's advice was below the range of competence demanded of criminal defense attorneys.

Generally, once a criminal defendant has been convicted and sentenced and the sentence has become final, there is no basis for assertion of the privilege against self-incrimination. *Mitchell v. United States*, 526 U.S. 314, 325-26 (1999). "If no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared." *Id*. at 326. Michigan courts hold that if the sentence is subject to appeal or has been appealed

it does not become final until the right to appeal has expired or the appeal has been concluded. *See People v. Wright*, 430 N.W.2d 133, 141 n.3 (Mich. 1988) (citing cases). Nothing in the record suggests that Mathis appealed following his guilty plea.

Finally, several factors call into question the credibility of Mathis's affidavit. Mathis is presently serving a long sentence and has been continuously incarcerated since 2006. Courts regard such jailhouse affidavits with extreme suspicion. *See McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007) (finding that a recanting affidavit from an inmate could reasonably be discounted as an attempt to keep from being "pegged as a rat"); *Carter v Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006) (finding the affidavits of two inmates recanting their trial testimony "of little value"). Second, Mathis waited five years after Petitioner's convictions to execute an affidavit. This delay invites "a fair degree of skepticism" as does the absence of a reasonable explanation for the delay. *Herrera v. Collins*, 506 U.S. 390, 423 (1993). Finally, Mathis's affidavit does not contradict counsel's statement that Mathis could testify against Petitioner. As noted, although the terms of Mathis's plea agreement did not *require* him to testify against Petitioner, he nevertheless could have been subpoenaed to testify.

Petitioner fails to show that counsel was ineffective or that his plea was involuntary. He, therefore, also fails to show that the trial court erred in denying his motion to withdraw plea. Habeas relief is denied on these claims.

### C. Denial of Motion for Substitute Counsel

Next, Petitioner argues that the trial court erred in denying his requests for substitute court-appointed counsel. Petitioner first moved for substitute counsel in February 2006. (ECF No. 7-4.) He then agreed to withdraw his motion because it had been based upon his misunderstanding of Michigan's 180-day rule. (ECF No. 7-5.) After entry of his guilty plea in March 2006, Petitioner filed a second motion for substitute counsel. The trial court denied the motion, finding that counsel performed competently and that counsel's conduct did not render Petitioner's plea involuntary. (*See* 4/10/2006 Order Den. Def.'s Request for Change of Ct. Appointed Counsel, ECF No. 7-7.) Petitioner again moved for substitute counsel on the day of his sentencing. The trial court denied the motion for the same reasons the previous motion was denied. (*See* 4/20/2006 Tr. at 7, ECF No. 7-8 at Pg. ID 141-42.)

The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel in his defense, and gives an indigent criminal defendant the right to the assistance of court-appointed counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 343 (1963). "[T]he purpose of providing assistance of

15

counsel 'is simply to ensure that criminal defendants receive a fair trial.' " *Wheat v. United States*, 486 U.S. 153, 159 (1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.' " *Id.* (quoting *United States v. Cronic*, 466 U.S. 648, 657 n.21 (1984)).

Further, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.* Because the Sixth Amendment does not guarantee a "meaningful relationship" between an accused and his counsel, *Morris v. Slappy*, 461 U.S. 1, 14 (1983), "when a defendant is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate." *Ray v. Curtis*, 21 F. App'x 333, 335 (6th Cir. 2001).

The trial court found no deficiency in counsel's representation. The Michigan Court of Appeals denied Petitioner's claim on the merits, but without discussion. *People v. Gidron*, No. 277205 (Mich. Ct. App. May 9, 2007). This summary denial is nonetheless given deference under the AEDPA. *See Harrington*, 562 U.S. at 102. The record shows that the trial court fairly considered Petitioner's right to counsel, but not to the counsel of his choice. As discussed above, Petitioner has not shown that counsel rendered ineffective

assistance. Absent some showing of ineffective assistance, Petitioner cannot show that the trial court erred in denying his motions for substitute counsel. Relief is denied on this claim.

### D. Cause and Prejudice Under Michigan Court Rule 6.508(D)

Finally, Petitioner argues that the state court erred in finding that he did not satisfy the cause and prejudice standard of Michigan Court Rule 6.508(D) for failing to raise certain claims on direct review. A federal court may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c), 2254(a). Federal courts may not intervene on the basis of a perceived error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Petitioner's attack on the state court's application of Rule 6.508(D) is a matter of state law. Consequently, Petitioner's claim is not cognizable for purposes of federal habeas corpus review.

### V. Certificate of Appealability

Rule 22 of the Federal Rules of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires the district court to "issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 16, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 16, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager